## Commonwealth *v.* Jones, Appellant.

Argued November 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael J. Perezous,* with him *Xakellis, Perezous & Mongiovi,* for appellant.

*George T. Brubaker,* Assistant District Attorney, with him *Henry J. Rutherford,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

Appellant was tried and convicted before a jury of murder in the first degree; a life sentence was imposed on September 13, 1930. This sentence was commuted to a term of twenty-one years, eleven months, on July 24, 1952, and appellant was paroled. On June 13, 1969, after several parole violations, he was resentenced to life imprisonment.

No post-trial motions were filed nor was any appeal taken from the judgment of sentence of life imprisonment. In 1966, in a habeas corpus petition, appellant alleged the involuntariness of his confession and the lack of counsel at his preliminary hearing. His petition was dismissed without a hearing by order of the Lancaster County Court. His appeal from that order was discontinued on January 4, 1967. Appellant then, in April of 1967, filed a petition under the Post Conviction Hearing Act, alleging that he was not advised of his right to appeal his murder conviction. This petition was refused. On December 29, 1971, we remanded this case for a determination by the court below as to whether appellant had waived his *Douglas* rights.

The court below, in an order dated February 15, 1972, granted appellant the right to appeal, nunc pro tunc, to this Court. The order stated that due to the failure of the Commonwealth to transcribe the testimony of appellant's murder trial and the death of all parties having knowledge of the appellant's trial, a *Douglas* hearing would be a fruitless act.

On his appeal, appellant now raises the issue of whether his confession was voluntary. However, there is no record before us to determine voluntariness of the confession, since no record was kept at his murder trial. In *Commonwealth v. DeSimone*, 447 Pa. 380, 385, 290 A. 2d 93 (1972), we stated: ". . . when the defendant has been deprived of his Douglas rights, he is consequently entitled to an appeal, and a transcript or other equivalent picture, like the assistance of counsel, is essential to the exercise of his right to appellate review." See also *Commonwealth v. Norman*, 447 Pa. 515, 291 A. 2d 112 (1972).

Since there is no adequate picture of the facts surrounding his confession, appellant will be denied the exercise of his right to appellate review of the trial

court's decision on the admissibility of that confession unless we remand this case for a new hearing on that question.

The Commonwealth argues that *Commonwealth v. DeSimone, supra,* and *Commonwealth v. Norman, supra,* are inapplicable, since in those cases the defendants alleged that they were denied their *Douglas* rights because of ineffective counsel. However, in the instant case, a court has already held that appellant was denied his *Douglas* rights. It was for that reason that this appeal nunc pro tunc was allowed. The fact that *Miranda* does not apply to the confession herein challenged makes no difference. Under the law applicable to this case, appellant would be entitled to a new trial if his confession should not have been admitted because it was not voluntary. *Com. ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

Case remanded to the Court of Common Pleas of Lancaster County for a hearing on the voluntariness of appellant's confession.

Mr. Justice ROBERTS joins in this opinion for the reasons stated therein and for the reasons expressed in his dissenting opinion in *Commonwealth v. Banks,* 428 Pa. 571, 237 A. 2d 339, cert. denied, 393 U.S. 895, 89 S. Ct. 156 (1968).

Mr. Justice POMEROY concurs in the result.