## Commonwealth *v.* Jones, Appellant.

Submitted November 21, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael J. Perezous* and *Xakellis, Perezous & Mongiovi,* for appellant.

*Charles A. Achey, Jr.,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 24, 1974:

Appellant's case has twice previously been before this Court. On December 30, 1971, we remanded the case to the Court of Common Pleas of Lancaster County for a determination as to whether appellant had waived his *Douglas*[1] rights. *Commonwealth v. Jones,*

---

[1] *Douglas v. California,* 372 U.S. 353 (1963).

447 Pa. 228, 286 A. 2d 892 (1971). The lower court found that a *Douglas* hearing would be fruitless and granted appellant the right to appeal, as though timely filed, to this Court. On that appeal, appellant raised the issue of whether his confession was voluntary. The record of appellant's murder trial had not been transcribed, however, and we again remanded the case, this time for a *Jackson-Denno* hearing on the voluntariness of appellant's alleged confession.[2] *Commonwealth v. Jones,* 450 Pa. 372, 301 A. 2d 631 (1973).

At the *Jackson-Denno* hearing, testimony was received from appellant, from the custodian of the records of the Lancaster City Police, and from a former police officer who had attended and testified at appellant's murder trial.[3] Although in a *Jackson-Denno* hearing the Commonwealth must prove the voluntariness of a confession by a preponderance of the evidence, *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A. 2d 426 (1968), the burden of proving that a confession was *taken* and *used* against a defendant is upon that defendant. This is no less true in a silent record case, especially where the testimony of a witness who attended the trial and the availability of the police records which would normally contain any written confession provide "an equivalent picture" of what transpired at trial *on this issue.*[4]

---

[2] Appellant alleged that a written confession had been offered at trial over defense counsel's objection and over the trial court's sustention thereof. Appellant claimed further that he was coerced into signing the confession without being afforded the opportunity to read it and that the context of the written confession differed materially from the statement appellant gave the police following arrest.

[3] Appellant's trial took place in 1930 and at the time of this hearing the trial judge, the prosecuting attorney, the defense attorney, and the stenographer were no longer living.

[4] See *Commonwealth ex rel. Goldsmith v. Myers,* 430 Pa. 385, 391-92, 243 A. 2d 429, 432-33 (1968) (concurring opinion of Mr. Justice Roberts).

At the commencement of the *Jackson-Denno* hearing, the court below erroneously stated that the burden rests upon the defendant to prove that his confession was involuntary. This is clearly a misstatement of the law of our Commonwealth. However, in view of the finding of the court below that no confession was offered at trial, this error must be viewed as harmless. We believe the finding of the court below was supported by credible evidence[5] and the dismissal of appellant's post-conviction petition was proper.

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I dissent. I agree with the majority that the prosecution must prove the voluntariness of a confession by a preponderance of the evidence. *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A. 2d 426 (1968).

---

[5] The court below found:

"The absence of any written confession among the police records, especially in view of the fact that other statements of witnesses are among the police records, we consider to be not only remarkable but indicative that no written statement was taken from Defendant.

"From our prior knowledge of and experience with Daniel W. Shaub, former police officer of the Lancaster City Police, we are satisfied that if a written statement had been taken from the Defendant and used at his trial, he would have knowledge of that fact and his recollection of the circumstances are so remarkable that such an important fact we do not believe would have been overlooked and forgotten.

"We are not bound to accept as true anything the Defendant said and the mere fact that he testified that his written confession was read to the Jury by the District Attorney is not binding on us and we find as a fact that his testimony is not credible. We have not determined the voluntariness of any confession made by the Defendant since we have determined that no confession was taken from him by the police and no confession was used against him in the trial of his case."

I disagree, however, that the appellant has the burden of proving that a confession was taken and used at his trial. Since at least 1907, the law of Pennsylvania has required, following a conviction of murder in the first degree, that the official stenographer *make, certify, and file of record,* a typewritten copy of the stenographic notes of trial, without any order of court. Act of May 1, 1907, P. L. 135, §7, 17 P.S. §1809. The purpose of an official transcript is to provide an accurate record of what transpired at a trial. The absence of such a statutorily required transcript of record cannot justify the shifting of a burden to the appellant to do what the law specifically requires is the duty of the official stenographer, an officer of the court. Without a record, as required by law, the appellant is deprived of his *constitutionally guaranteed appellate rights* through no fault of his own. He is therefore entitled to a new trial. *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A. 2d 478 (1973) ; *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A. 2d 93 (1972) ; *Commonwealth v. Anderson,* 441 Pa. 483, 272 A. 2d 877 (1971). I agree with the majority that the prosecution in the absence of a trial transcript, may provide *an equivalent picture* of what transpired at trial as a substitute. I cannot agree, however, that such an equivalent picture was provided by the prosecution in this case. I cannot read the testimony of the police officer in this case, which is crucial, as providing an equivalent picture of what transpired at the appellant's trial. The police officer testified that he *did not know* whether a confession was taken from the appellant and further testified that since he *was not present during the entire trial,* he *could not recall* testimony about a confession. The police officer further testified that he was not in charge of the investigation. Such testimony did not provide an equivalent picture. The judgment of sentence should be reversed and a new trial awarded.