375 A.2d 60

**COMMONWEALTH of Pennsylvania**

v.

**Albert W. MARTOFEL, Appellant.**

Superior Court of Pennsylvania.

March 14, 1977.

Decided June 29, 1977.

Joshua D. Lock, Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant was found guilty of statutory rape[1] following a jury trial in the court below. Appellant now makes three arguments in support of his contention that he was denied the right to a speedy trial as provided by Pa.R.Crim.P. 1100. Two of those arguments are wholly frivolous. The third, while bearing close consideration, leaves us unpersuaded. We affirm.

1. Act of December 2, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3122 (1973). In addition, appellant was found not guilty on rape and involuntary deviate sexual intercourse charges.

208

The lower court found the following facts: The incident giving rise to the charges occurred on October 14, 1974. A complaint was filed on October 16, 1974. On that same day, the Chief of the Swatara Township Police went to the Ponderosa Steak House where appellant was known to have been employed at the time the incident took place. Chief Walmer was informed that appellant had not reported to work since the date of the incident. Appellant's home address in Harrisburg was given to the police by the management at Ponderosa. Upon checking the address, the police were told that appellant no longer lived there. It was later determined that appellant left that address between October 14 and October 16. The police then proceeded to the residence of appellant's sister in Steelton. She informed the police that she did not know of appellant's whereabouts. The police made numerous visits to both addresses for the next month or so, and requested the Ponderosa management to inform the police if appellant attempted to pick up his check for wages owed him. Copies of the warrant were forwarded to the Harrisburg and Steelton police departments. On October 14, 1974, a few hours after the incident, appellant was heard to ask one of Ponderosa's managers for twenty dollars "to leave town." N.T. at 10. Appellant lived in Lewistown, Pennsylvania, from October 1974, until he was picked up on a reckless driving charge on June 11, 1975, by the Lewistown Police, who learned of the warrant in Dauphin County and arrested appellant on the rape and related charges. Appellant's trial commenced on October 20, 1975, some 369 days after the date of the complaint, and 131 days after his arrest.

Appellant argues that even assuming he was unavailable during the period from October 16 to June 11, the 180 day rule was not tolled, and that the Commonwealth should have petitioned for an extension· of time. This is clearly incorrect, since Rule 1100(d)(1) provides that periods of unavailability are automatically excluded from the period within which trial must begin. *Commonwealth v. Richbourg,* 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. Haynes,* 245 Pa.Super. 17, 369 A.2d 271 (1976).

■ Appellant makes another vague and equally meritless contention that assuming his unavailability for some period of time, the passage of 131 days from time of arrest until time of trial in some way violated his right to a speedy trial. We fail to see how.

■ Finally, appellant argues that the Commonwealth failed to establish his unavailability for the period of October 16, 1974, until his arrest on June 11, 1975. The crux of this argument is that the Swatara Township Police failed to take reasonable steps to ascertain appellant's whereabouts. The Comment to Rule 1100 provides that for the purposes of 1100(d)(1), a defendant " . . . should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence . . ." Pa.R. Crim.P. 1100, Comment.

The trial judge found that appellant fled to avoid arrest, and that he was aware that the police were looking for him. While the Swatara Township Police did not pursue every conceivable method by which they might have ascertained appellant's whereabouts, we are convinced that taking into consideration the manpower and investigatory means at their disposal, the police made a reasonable effort to find appellant. In fact, appellant was ultimately apprehended because the Swatara Township Police took steps to inform other police departments of the outstanding warrant against appellant. To require already overtaxed police forces to expend a disproportionate amount of effort on locating an accused who has fled the area would deprive citizens of the necessary police protection. We agree with the lower court's finding that appellant was unavailable under the meaning of Rule 1100, from October 16, 1974, until June 11, 1975. That period is excluded from the Rule 1100 period. Appellant was thus tried within 131 days of the date he ceased to be unavailable, clearly within the time required by Rule 1100.

Judgment affirmed.