386 A.2d 135

**COMMONWEALTH of Pennsylvania**

v.

**Reginald W. OVEIDE, a/k/a William Oveide, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided April 28, 1978.

62

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Henry S. Kenderdine, Jr., Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the judgment of sentence is affirmed.

VAN der VOORT, J., files an opinion in support of affirmance in which JACOBS, President Judge, and CERCONE, J. join.

HOFFMAN, J., files an opinion in support of reversal in which SPAETH, J., joins.

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury verdict of guilty to the charge of passing a bad check, the jury having returned not guilty to the additional charge of theft by deception. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa. C.S. §§ 4105 and 3922 respectively.

The first claim raised before us is alleged error below in the court's refusal to dismiss the charges pursuant to *Pa.R.Crim.P.* 1100(d). The facts of record show that a criminal complaint was lodged on July 31, 1974, against our appellant, a resident of Wilmington, Delaware. On November 19, 1974, appellant appeared for preliminary arraignment and posted bond to assure his attendance at the preliminary hearing, held on January 31, 1975. On February 18, 1975, the Commonwealth filed a "petition for extension of time for commencing trial", averring that trial could not have commenced within 180 days following filing of the complaint, despite Commonwealth due diligence, for the reason that the appellant had been unavailable for a period of 110 days which period of time was excluded from the 180 days under Rule 1100(d)(1). This petition was served upon the appellant on March 3, 1975, by mail. Notice of a hearing on the Commonwealth's petition on March 13, 1975, was part of the papers sent to appellant.[1] Appellant did not appear at said hearing, the result of which was the granting of a ninety day extension for commencement of trial. A further matter of procedure pretrial was appellant's application to dismiss the charges for violation of Rule 1100(a)(2), which

1. The date set by the Order for hearing was March 13, 1974, a clearly-recognizable error because the Order was dated February 25, 1975, and all proceedings post-dated the incorrect date.

application was dismissed on April 1, 1975, because time for trial had been extended. Trial was held May 28–29, 1975.

We note that the Commonwealth petition to extend time for trial is pursuant to Rule 1100(c). The petition went unchallenged by either an answer or appellant's appearance at hearing to offer contrary testimony; therefore, its statements are accepted as true. As such a 110 day period should be excluded under Rule 1100(d)(1), for the reason of defendant's unavailability. This period of time is automatically excluded, *Commonwealth v. Martofel,* 248 Pa.Super. 206, 375 A.2d 60 (1977). So excluding these days, we note that the petition of the Commonwealth was timely-filed. Its averment of due diligence must be accepted as true; and based upon the proper request the lower court was without error in granting the extension.[2] Commencement of trial was properly extended.

■ During testimony of the office manager of the automobile dealer to which appellant had tendered the bad check so as to obtain a 1974 Cadillac, the Commonwealth offered into evidence a piece of paper which purported to be the depository bank's dishonor of the check, for the reason that the payee bank had no such account. The dealer had received appellant's check uncashed by its bank, with this notation attached, which at trial was and now is challenged as hearsay. The lower court had refused to sustain objection to the exhibit. This was incorrect because the exhibit itself was not authenticated by one whose business record it was; nor was the truth of the content of the note otherwise testified to. However, we consider this harmless error. The salient fact was that the check in payment for the auto sold

2. We note that these proceedings were prior to *Commonwealth v. Shelton,* and *Commonwealth v. Mayfield,* 469 Pa. 8, 364 A.2d 694 and 469 Pa. 214, 364 A.2d 1345 respectively (1976), and their progeny, which have explored in depth the morass of Rule 1100. With this after-knowledge, we could conclude that the filing of an 1100(c) petition was unnecessary because 1100(d)(1) becomes operational of its own accord, and would be raised in a Commonwealth answer to defendant's petition to dismiss, if any should be filed. To have filed the petition here was not incorrect, and was moreover a cautious act by the Commonwealth at the time.

by the dealer to appellant was returned to the seller uncashed. This banking action in and of itself established the fact that the check was dishonored. The information provided by the note was elucidating as to why the check was dishonored, but was merely cumulative evidence of that fact. Consequently we will not hold this to be reversible error.

■ Lastly appellant argues that he was denied assistance of counsel in that his trial counsel, after filing post-trial motions, sought and was granted leave to withdraw as counsel. Appellant alleges harm in that neither this counsel nor a replacement filed supplemental reasons for a new trial when the notes of trial testimony became available. Appellant appeared for sentencing without counsel. The record shows that appellant received notice of trial counsel's impending application to withdraw, and took no action. Following filing of this application, the clerk of courts notified appellant of the filing and the date set for argument; again appellant took no action. At sentencing, when informed of the granting of counsel's request to withdraw, appellant expressed his desire to proceed without counsel. Because of the inaction of appellant in responding to the withdrawal application, and his willingness to proceed with sentencing, we find that appellant waived representation for the period in question. It would be a travesty upon our system of justice for a party to fail to respond to properly-filed and received pleadings, then to state his willingness to move ahead, only to argue on appeal that what he did entitles him to a new trial. We will not condone such sleight of hand.

We would affirm judgment of sentence.

## OPINION IN SUPPORT OF REVERSAL

HOFFMAN, Judge:

I dissent. The Majority concedes that the dishonored check was inadmissible hearsay evidence because the check was unauthenticated. However, the Majority then concludes that admission of the evidence constituted harmless error. I disagree. The dishonored check was the *only*

evidence offered to prove that appellant passed a bad check. Consequently, I cannot characterize the admission of the check into evidence as harmless error beyond a reasonable doubt. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

SPAETH, J., joins in this opinion.