409 A.2d 95

**COMMONWEALTH of Pennsylvania**

**v.**

**Wallace SIMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Aug. 31, 1979.

---

Henry I. Jacobson, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

PRICE, Judge:

Following a jury trial commenced on October 5, 1976, appellant was convicted of simple assault[1] and possessing an instrument of crime.[2]  Post-trial motions were denied, and appellant was sentenced to terms of imprisonment of from one to two years on the simple assault charge and from two and one-half to five years on the charge of possessing an instrument of crime.  The two sentences were to run consecutively.

On appeal, appellant contends that his right to a speedy trial under Pa.R.Crim.P. 1100[3] was violated and that he was denied effective assistance of counsel with respect to his petition to dismiss filed pursuant to Rule 1100.  We find that appellant was denied effective assistance of counsel with respect to his meritorious Rule 1100 claim, and therefore vacate the judgment of sentence and order appellant discharged.

The facts pertinent to our consideration of the instant case are as follows.  A criminal complaint was filed against appellant on May 19, 1975.  At that time, appellant was on

1.  18 Pa.C.S. § 2701.

2.  18 Pa.C.S. § 907.

3.  Pa.R.Crim.P. 1100(a)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

parole from imprisonment on prior offenses. Local authorities were unable to locate appellant, and the investigating detective on the case, Paul Smith, entered appellant's name in the national computer system. Appellant was arrested in Connecticut on January 12, 1976, for offenses committed there, and Connecticut officials subsequently discovered the Pennsylvania entry of appellant's name in the computer system. Appellant was returned to Pennsylvania officials on January 19, 1976, and incarcerated in Graterford State Prison. Detective Smith did not discover the circumstances of appellant's arrest in Connecticut and his return to Pennsylvania until May 11, 1976. Appellant was formally arrested by local officials on May 20, 1976. On July 6, 1976, appellant filed a pro se motion to dismiss the charges, pursuant to Rule 1100(f).[4] A hearing was held, and the lower court denied the petition. In its opinion in support of that ruling, the court concluded that the Commonwealth exercised due diligence in seeking appellant's return, and that the appellant was "unavailable" from May 19, 1975 to May 11, 1976, a period of 358 days. Accordingly, the court of common pleas calculated that the run date for Rule 1100 purposes was November 7, 1976.[5] Trial commenced on October 5, 1976.

■ Initially, we note that appellant's petition to dismiss was prematurely filed and therefore invalid. The petition was filed on July 6, 1976. Appellant concedes that he was unavailable until his initial return to Pennsylvania in Janu-

---

**4.** Rule 1100(f) provides that:
"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

**5.** Since November 7, 1976, fell on a Sunday, the correct run date under the calculation of the court of common pleas should have been November 8, 1976. See 1 Pa.C.S. § 1908.

ary of 1976.[6] (Appellant's brief at 5). Thus, the petition to dismiss was filed on the 169th day after appellant's return to Pennsylvania. We have stated in the past that "[t]he validity of a defendant's petition to dismiss the charges against him pursuant to section (f) of Rule 1100 depends upon a showing that the prescribed period was violated at the time of the filing of the petition to dismiss." *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 304 n. 8, 369 A.2d 1331, 1334 n. 8 (1977). Since the petition was filed prior to the 180th day for Rule 1100 purposes, even under appellant's calculation of the run time, we hold that it was invalid and therefore properly dismissed.

■ Appellant contends, however, that any waiver of his Rule 1100 right was due to the ineffectiveness of his counsel at that time. Although this issue is raised for the first time in appellant's brief to this court, we find it properly preserved for appeal. During the time period in which appellant was asserting his Rule 1100 claim prior to trial, he was represented by William Bachmann, a member of the Defender Association of Philadelphia County. Daniel Walls, also a member of the Defender Association, represented appellant at trial, and filed post-trial motions on appellant's behalf. Henry I. Jacobson, Esquire, private counsel, submitted a brief to the court of common pleas in support of appellant's post-trial motions, and represents appellant in his appeal to this court. Since post-trial motions were filed by counsel who was a member of the same firm to which appellant's pre-trial counsel belonged, appellant has not waived the issue of ineffectiveness of pre-trial counsel. *See generally, Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990 (1979); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). The first available opportunity for appellant to raise this issue was on appeal to this court, and as such, it is preserved for review.

**6.** Although appellant contends that the date of his return was January 16, 1976, we accept the determination by the court of common pleas that the actual date of return was January 19, 1976.

■ In order to resolve the issue of whether appellant was denied effective assistance of counsel with respect to his Rule 1100 claim, we must first determine whether this claim was of merit. In particular, we must determine whether the lower court was correct in finding that the Commonwealth exercised due diligence to obtain appellant's return for trial. We find that the Commonwealth did not exercise due diligence between the dates of January 19, 1976, the date of appellant's return to the Commonwealth, and May 11, 1976, the date on which Detective Smith first discovered the circumstances of appellant's return. Counsel's failure to file a petition to dismiss between the dates of July 18, 1976 (the 180th day for Rule 1100 purposes) and October 5, 1976 (the date of trial), necessitates a finding that appellant was denied effective assistance of counsel. Normally, in such situations, we would remand for a new hearing. However, because it is apparent on the record that appellant's Rule 1100 rights were violated, we vacate the judgment of sentence and order appellant discharged.

Since the Commonwealth did not apply to the court for an order extending the time for commencement of trial, see Rule 1100(c), the Commonwealth was required to try appellant with 180 days of his return to Pennsylvania on January 19, 1976,[7] unless it was determined that there existed a period of time automatically excluded, under Rule 1100(d), from the calculation of the run time. Rule 1100(d) provides in pertinent part that: "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceeding as results from: (1) the unavailability of the defendant or his attorney[.]" Our supreme court has held that section (d)(1) requires a showing of due diligence in order for the Commonwealth to avail itself of an exclusion. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977).

In the instant case, Detective Smith entered appellant's name into the computer system, and as a result of this act,

7. As has been noted previously, the question of whether the time prior to January 19, 1976, was properly excluded by the court of common pleas under Rule 1100(d) is not in issue.

appellant was returned to Pennsylvania by Connecticut authorities on January 19, 1976. However, Detective Smith did not discover this fact for approximately five months after appellant's return. We find this delay to be inexcusable. Had Detective Smith performed a followup check on his computer inquiry, he no doubt would have discovered the circumstances of appellant's transfer. The Commonwealth contends, citing the case of *Commonwealth v. Mitchell, supra,* that it is not our function to second guess the methods used by police to locate accused persons, and that deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful. We find the instant case to be distinguishable from the type of situation contemplated in *Mitchell.* Here, we are not questioning methods or avenues of approach which Detective Smith failed to employ, but rather, we are scrutinizing methods which Detective Smith did employ and which proved fruitful. Appellant's return to the Commonwealth was a direct result of Detective Smith's employment of the national computer system. His failure to follow up on this chosen method of investigation for a period of five months is indicative of negligence on his part and clearly cannot support a finding of due diligence. In this light, the court of common pleas was in error in concluding that the period from January 19, 1976, to May 11, 1976, was automatically excludable under Rule 1100(d)(1). The correct run date for Rule 1100 purposes was 180 days after appellant's return on January 19, *i. e.,* July 18, 1976. Therefore, appellant had a meritorious Rule 1100 claim between July 18, 1976, and trial date, October 5, 1976.

In assessing appellant's claim that he was denied effective assistance of counsel, we apply the standard enunciated by our supreme court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1977):

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were

more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (emphasis in original) (footnote omitted).

In accord with this standard, we have held that we can perceive no reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100. *See Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977). We are thus constrained to conclude that appellant was denied effective assistance of counsel in the court of common pleas by his counsel's failure to timely raise appellant's Rule 1100 right.

Accordingly, judgment of sentence is vacated and appellant is ordered discharged.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Blake of the court below as well as our Opinion in *Commonwealth v. Martofel*, 248 Pa.Super. 206, 209, 375 A.2d 60, 61 (1977), and the Opinion of our Supreme Court in *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826.