409 A.2d 101

**COMMONWEALTH of Pennsylvania**

**v.**

**Cornell WILLIAMSON, a/k/a Michael Smith, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 31, 1979.

Joseph N. Bongiovanni, III, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Cornell Williamson was tried nonjury and convicted of burglary. Post trial motions were denied, and a sentence of imprisonment was imposed. On appeal, he contends that the trial court erred in denying his pre-trial application to dismiss because of the Commonwealth's failure to bring him to trial within 180 days. He also contends that he was denied effective assistance of counsel in that trial counsel failed to offer evidence at the pre-trial, Rule 1100 hearing that appellant had been incarcerated in Philadelphia County between the date of the complaint and the date of his arrest.

The complaint in this case was filed on May 11, 1977. The run date, therefore, was November 7, 1977. Appellant was not apprehended on the present charge until June 2, 1977. On November 28, 1977, there having been no trial, he filed an application to dismiss. On the following day, November 29, 1977, the Commonwealth filed an application to extend the time within which to commence trial. After hearing, the trial court granted the Commonwealth's request for an extension and denied appellant's application to dismiss.

The critical issue is whether the Commonwealth's application for an extension of time was filed prior to the expiration of the mandatory period of 180 days. See: *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975). This, in turn, depends upon whether the 22 days between the filing of the complaint and appellant's arrest are excludable. The Commonwealth argued and the lower court found that appellant had been unavailable during this period. We are constrained to disagree.

Pa.R.Crim.P. 1100(d) provides in part that "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney . . . ." The comment to the Rule suggests that a defendant is unavailable "for any period of time during which he could not be apprehended

*because his whereabouts were unknown and could not be determined by due diligence."* (Emphasis added.)

The burden of proving appellant's unavailability was on the Commonwealth. It was required to show by a preponderance of the evidence that despite due diligence he could not be found and apprehended before June 2, 1977. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977).

In *Commonwealth v. Collins*, 266 Pa.Super. 340, 404 A.2d 1320 (1979), the Commonwealth had sought to exclude a seventy-seven day period between the filing of the complaint and the arrest of the accused. Affirmative steps taken by the Pittsburgh police to find the defendant in that case had included a single unsuccessful visit to two of the accused's relatives and a visit with the accused's mother one and a half months later. The defendant in that case had an arrest record and was on probation at the time, but the police made no effort to secure information from his probation officer. Police were also aware that the accused had fled following the criminal occurrence, but they made no effort to inform out-of-county police departments. Finally, after police had been given a Philadelphia address by a state parole officer, which information had been corroborated by defendant's mother who said that her son was in Philadelphia, two months passed before the police made contact with the authorities in that city. Judge Price, writing for the Court, reviewed the pertinent cases and concluded that under such circumstances the police had not made a diligent effort to ascertain the whereabouts of the accused. The rule which emerged from Judge Price's review of the cases was that while the courts will not second guess the methods used by the police to locate accused persons, their failure to use means readily available will be held inconsistent with the exercise of due diligence. Compare: *Commonwealth v. Mitchell, supra* ; *Commonwealth v. Jones*, 256 Pa.Super. 366, 389 A.2d 1167 (1978); *Commonwealth v. Martofel*, 248 Pa. Superior Ct. 206, 375 A.2d 60 (1977).

After filing the complaint in the instant case, the prosecuting police officers examined a record of appellant's prior

arrests. They learned therefrom that two adjoining apartment buildings had previously been listed by appellant as places of residence. The police visited these apartments but were unable to find appellant. They were told by neighbors, moreover, that appellant did not live in the apartment buildings and was not known to frequent them. The arresting officers also learned that appellant had another criminal charge pending, on which he was scheduled to be arraigned on June 2, 1977. The police thereupon discontinued all efforts to locate appellant. Instead, they delivered the arrest warrant to other police officers who were scheduled to be in court on June 2, 1977. The latter officers effected appellant's arrest on that day when he appeared for arraignment.

■ It is not our function to pass upon the efficiency of the procedure followed by the police in achieving appellant's arrest. Rather, the issue is whether appellant's whereabouts were incapable of being determined by reasonable diligence between May 11 and June 2 so as to require exclusion of twenty-two days from the Rule 1100 calculation. When our examination is confined to this issue the result becomes clear. After the police became aware that appellant was involved in another pending criminal case for which arraignment had been scheduled, the means for ascertaining his whereabouts were at hand. Whether he was on bail or in jail, a minimum investigation would have disclosed his whereabouts. Instead of pursuing the means available to them, however, the police discontinued their efforts to ascertain appellant's whereabouts and did nothing until June 2.

From this evidence we are forced to conclude that the Commonwealth has failed to show the unavailability of appellant between May 11 and June 2, 1977. This period, therefore, was not excludable from the Rule 1100 calculation. The Commonwealth's application for an extension, filed on November 29, 1977, was too late and should have been denied. Appellant's application to dismiss was meritorious and should have been granted.

Because of our disposition of this issue it is unnecessary that we determine whether counsel was ineffective for failing to support appellant's pre-trial application by the introduction of available evidence that appellant had been incarcerated in Philadelphia County at all times prior to his apprehension.

Judgment of sentence vacated and appellant discharged.