420 A.2d 703

**COMMONWEALTH of Pennsylvania**

v.

**Charles WEBB, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed June 13, 1980.

600

Louis S. Gold, Pittsburgh, for appellant.

Patrick H. Mahady, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that his trial counsel was ineffective for failing to file a motion to dismiss the charges against him after the expiration of the 180 day period prescribed by Pa.R.Crim.P. 1100(a)(2).[1] We agree and, accordingly, reverse the order of the court below and discharge appellant.

On December 17, 1974, a complaint was filed charging appellant with two counts of unlawful possession of a controlled substance with intent to deliver. Appellant was not arrested until December 27, 1974. Trial was initially scheduled for June 18, 1975, 183 days after the complaint was filed. On that date appellant's counsel requested a continuance until the next term of court. At a hearing on the proposed continuance, appellant's counsel informed the court: "I explained to [appellant] that he has a right to a speedy trial and the 180 days would have been exceeded by the next term of Court, and it's still his desire to have the case continued and waives the 180 day rule." At the court's request, counsel questioned appellant directly. After appellant indicated that he wanted the case to be continued until the next court term, the following colloquy occurred:

> [Defense Counsel:] And I explained to you the 180 day rule; you must be brought to trial within 180 days, and I have explained that having this case continued to the next term of Court would exceed the 180 day rule, is that correct?
>
> [Appellant:] Yes.
>
> [Defense Counsel:] And it's still your intention to have the case continued?

1. Appellant also contends that trial counsel was ineffective for advising him to waive his right to a presentence investigation. Because of our disposition of this case, we need not decide this issue.

[Appellant:] Yes.

[Defense Counsel:] And you waive the 180 day rule?

[Appellant:] Yes.

The judge then granted a continuance until September 16, 1975. Trial commenced on that date. Following appellant's conviction on both counts, the trial court denied appellant's post–verdict motions and imposed sentence. On direct appeal, we affirmed judgment of sentence by an equally divided Court. *Commonwealth v. Webb*, 254 Pa.Super. 429, 386 A.2d 25 (1978). Subsequently, our Supreme Court denied appellant's petition for allowance of appeal and his petition for reconsideration. Appellant then filed a petition pursuant to the Post Conviction Hearing Act (PCHA).[2] Following an evidentiary hearing, the PCHA court denied relief. This appeal followed.

Our initial inquiry is whether appellant's ineffectiveness claim is cognizable in this PCHA proceeding. To be eligible for PCHA relief, the petitioner must prove, *inter alia*, that his post–conviction claims have not been finally litigated or waived. 19 P.S. § 1180–3(d) (Supp.1979–80). An issue is deemed finally litigated where this Court has ruled on the merits of the issue, and our Supreme Court has declined to review our decision. *Commonwealth v. Gardner*, 250 Pa.Super. 86, 91, 378 A.2d 465, 468 (1977). However, because an affirmance by an equally divided court is not a ruling on the merits of the issues raised, issues raised in such an appeal are not finally litigated. *Commonwealth v. Holly*, 483 Pa. 371, 373–74, 396 A.2d 1215, 1217 (1979) (citing *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976)). Consequently, even though the issue of trial counsel's ineffectiveness was raised on appellant's previous appeal, that issue is cognizable in this PCHA proceeding.

Appellant contends that because the Rule 1100 period had run before he requested a continuance on June 18, 1975, his trial counsel was ineffective in not filing a motion to dismiss the charges at that time. Rule 1100(a)(2) requires

2. Act of January 25, 1966, P.L. 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq. (Supp.1979–80).

the Commonwealth to commence trial within 180 days of the filing of the complaint unless any period of delay beyond 180 days is either excludable pursuant to Rule 1100(d) or properly extended by court order pursuant to Rule 1100(c). Because the Commonwealth did not file any extension petitions in this case, trial should have commenced by June 16, 1975,[3] unless some period of time is excludable. For purposes of Rule 1100(d)(1),[4] an accused is " 'deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown *and could not be determined by due diligence* ....' " *Commonwealth v. Mitchell*, 472 Pa. 553, 560–61, 372 A.2d 826, 830 (1977) (quoting Comment to Rule 1100) (emphasis added by *Mitchell* Court). *See also Commonwealth v. Polsky*, 485 Pa. 360, 364, 402 A.2d 1003, 1005 (1979); *Commonwealth v. Cohen*, 481 Pa. 349, 355, 392 A.2d 1327 (1978). The Commonwealth has the burden of proving by a preponderance of the evidence that the requisites of Rule 1100(d) have been met. *Commonwealth v. Wade*, 475 Pa. 399, 403, 380 A.2d 782, 784 (1977); *Commonwealth v. Mitchell, supra*, 472 Pa. at 564, 372 A.2d at 831; *Commonwealth v. Clark*, 256 Pa.Super. 456, 463, 390 A.2d 192, 195 (1978).

The Commonwealth alleges that the ten day period from December 17 to December 27, 1974, is excludable under Rule 1100(d)(1) because appellant's whereabouts were unknown during that period, and the authorities acted with due diligence in attempting to apprehend appellant. Thus, the Commonwealth argues that trial counsel cannot be deemed ineffective for failing to file a motion to dismiss on June 18, 1975, because the Rule 1100 period had not run by that date.

**3.** The 180th day from the filing of the complaint was Sunday June 15, 1975. Because the last day of the Rule 1100 computation is omitted when it falls on a Sunday, *Commonwealth v. Jones*, 473 Pa. 211, 214, 373 A.2d 1338, 1339 (1977); *Commonwealth v. Murray*, 263 Pa.Super. 496, 497, 398 A.2d 686, 686 (1979), the Rule 1100 run date was June 16, 1975.

**4.** Rule 1100(d)(1) provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: ... the unavailability of the defendant or his attorney ...."

In support of this contention, the Commonwealth introduced the following evidence at the PCHA hearing: Richard Morris, an agent of the Pennsylvania Department of Justice's Bureau of Drug Control, testified that he had accompanied a fellow agent, Stephen Todorec, to appellant's residence in Greensburg, Pennsylvania, in an attempt to execute the arrest warrant which had been issued on December 17, 1974. Agent Morris did not recall the date of this visit but stated that it was between December 17 and December 24. When the agents knocked on the door of appellant's residence, a woman answered but did not open the door. The agents identified themselves and stated that they had a warrant for appellant's arrest. The woman replied that appellant was not at home, and the agents left. Agent Morris testified that on another occasion he and Agent Todorec visited a shopping mall which they knew appellant often visited. Agent Morris did not recall the date they went to the mall but testified that it was not the same day they had visited appellant's residence and that it was before December 25. The agents did not find appellant at the mall. Agent Todorec testified that on at least one or two other occasions he went to the mall himself to look for appellant, but was unsuccessful. He did not recall the dates of the visits. On December 27, 1974, Agents Morris and Todorec arrested appellant on the sidewalk in front of his residence. Appellant testified at the PCHA hearing that he had lived at that residence for three or four years before his arrest.

In *Commonwealth v. Mitchell, supra,* our Supreme Court described the approach to follow in ascertaining whether the police have exercised due diligence in attempting to apprehend an accused:

> It is not the function of our courts to second–guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful.

*Id.,* 472 Pa. at 566, 372 A.2d at 832. Our Court recently stated:

> It seems clear that the test is *not* a venture into hindsight reasoning as to whether if certain individuals have been contacted, or other things done, an arrest would probably have been made. The matter of availability and due diligence must be judged by what *was* done by the authorities rather than what was not done. The standard of due diligence demands only reasonable efforts.

*Commonwealth v. Hinton,* 269 Pa.Super. 43, 50, 409 A.2d 54, 57–58 (1979). *See also Commonwealth v. Cohen, supra,* 481 Pa. at 355, 392 A.2d at 1330 ("the Commonwealth [will] not be excused for a delay occurring because it failed to make a reasonable effort to locate the defendant"). For cases applying the due diligence standard, *see, e. g., Commonwealth v. Mitchell, supra; Commonwealth v. Hinton, supra; Commonwealth v. Collins,* 266 Pa.Super. 340, 404 A.2d 1320 (1979); *Commonwealth v. Jones,* 256 Pa.Super. 366, 389 A.2d 1167 (1978); *Commonwealth v. Martofel,* 248 Pa.Super. 206, 375 A.2d 60 (1977).

■ We agree with appellant that the Commonwealth has not met its burden of proving that any of the delay in apprehending appellant is excludable pursuant to Rule 1100(d)(1). Although we must focus upon what the Bureau of Drug Control agents did rather than what they failed to do, we conclude that the agents did not exercise due diligence in attempting to apprehend appellant. The agents had no reason to believe that appellant was not living at his residence at the time the complaint was filed and the arrest warrant was issued. Nevertheless, the agents made only two visits to appellant's residence during a ten day period. We conclude that these visits, together with the visits to the mall, do not constitute reasonable efforts to apprehend appellant. Accordingly, because the Commonwealth was not entitled to an exclusion and it did not seek an extension of the Rule 1100 period, the period had run on June 16, 1975. We must now determine whether appellant's trial counsel was ineffective for not filing a motion to dismiss on June 18, 1975.

 "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). In *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977), our Court stated: "We can perceive no reasonable legal basis for an attorney to fail to object to a violation of his client's right to a speedy trial under Pa.R.Crim.P. 1100. . . . If appellant's trial counsel ha[d] filed a timely petition to dismiss, the appellant would have been entitled to discharge." *Id.*, 250 Pa.Super. at 256, 378 A.2d at 924. *See also Commonwealth v. Jackson*, 262 Pa.Super. 151, 154–156, 396 A.2d 690, 691–92 (1978); *Commonwealth v. Dozier*, 258 Pa.Super. 367, 374, 392 A.2d 837, 841 (1978); *Commonwealth v. Weber*, 256 Pa.Super. 249, 257–59, 389 A.2d 1107, 1112 (1978). We therefore hold that appellant's trial counsel was ineffective in failing to file a motion to dismiss the charges on June 18, 1975.[5] Accordingly, appellant must be discharged.

Order reversed and appellant discharged.

SPAETH, J., files a Concurring Opinion.

VAN der VOORT, J., files a dissenting statement.

---

5. The PCHA court concluded that trial counsel was not ineffective because appellant had been informed of his Rule 1100 rights at the hearing on June 18, 1975, and could have counted the days himself. This reasoning assumes, however, that appellant knew on June 18 that the Rule 1100 period began when the complaint was filed. The record of the PCHA hearing demonstrates that appellant did not have this knowledge on that date. Trial counsel conceded that he did not provide appellant with this information at the June 18 hearing. Trial counsel further stated that he did not recall whether he told appellant before the hearing when the Rule 1100 period began. Appellant testified that on June 18 he did not know that the Rule 1100 period began when the complaint was filed. Without this information, appellant could not have known that the Rule 1100 period had run before the hearing. Assuming, *arguendo*, that it is fair to require a defendant who knows when the Rule 1100 period begins to count the days himself, it would be grossly unfair to place such a burden on a defendant who is not aware of the commencement of the period.

SPAETH, Judge, concurring:

I agree with Judge HOFFMAN's conclusions that an affirmance by an evenly divided court is not a final ruling on the merits of an issue, and that the evidence offered by the Commonwealth in support of its argument that appellant was unavailable during the period between the filing of the complaint and his arrest was insufficient to warrant our holding that period excludable under Pa.R.Crim.P., Rule 1100(d)(1). Given these conclusions, however, the question remains whether we should remand for further hearing. *See Commonwealth v. Hinton*, 269 Pa.Super. 43, 57, 409 A.2d 54, 61 (1979) (SPAETH, J., dissenting). I offer this concurring opinion by way of explaining by conclusion that remand would be inappropriate.

It is settled that in a Post Conviction Hearing Act proceeding, the petitioner bears the burden of proving his claim that he has been denied effective assistance of counsel. 19 P.S. § 1180–3 (Supp.1979–80); *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Barnes*, 248 Pa.Super. 579, 375 A.2d 392 (1977). In this case appellant presented evidence that three days after the 180 day period had expired, his counsel, instead of moving the court to dismiss the charges under Rule 1100(f), moved for a continuance. This evidence was sufficient to satisfy appellant's burden of proof, for counsel's failure to raise a meritorious Rule 1100 claim can have no reasonable basis. *See Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977).

The Commonwealth responded to appellant's evidence by arguing that the period of time that elapsed between the filing of the complaint and the arrest should have been excluded because appellant was unavailable within the meaning of Rule 1100(d)(1). It is the Commonwealth's and not the defendant's burden to prove that a period of time is excludable under Rule 1100(d)(1). *See Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Clark*, 256 Pa.Super. 456, 390 A.2d 192 (1978). The fact that

appellant bore the burden of proof generally did not mean that the Commonwealth did not bear the burden of proving an exclusion under Rule 1100(d)(1). *See Commonwealth v. McNeal*, 261 Pa.Super. 332, 396 A.2d 424 (1978) (SPAETH, J., with one judge joining and three judges concurring in the result). *And see Commonwealth v. Jones*, 455 Pa. 269, 314 A.2d 308 (1974) (in post–conviction hearing, burden of proving voluntariness of confession remains on Commonwealth).

In my dissenting opinion in *Commonwealth v. Hinton, supra*, I maintained that the record was such that we could not decide the issue of the Commonwealth's due diligence, and that the case should therefore be remanded. In *Hinton* this court was confronted with a difficult question concerning the procedures that the police should reasonably be expected to use in checking and re–checking prisons for missing defendants. I believe that to decide that question, additional evidence concerning both normal police procedures and the costs of requiring more extensive procedures was necessary. This case, however, merely involves the question of the adequacy of a police street investigation as to the whereabouts of appellant. No additional evidence concerning police procedures is necessary and when measured against past cases involving the adequacy of a police investigation, the evidence of due diligence here was clearly insufficient. *See Commonwealth v. Simpson*, 269 Pa.Super. 124, 409 A.2d 95 (1979); *Commonwealth v. Williamson*, 269 Pa.Super. 136, 409 A.2d 101 (1979); *Commonwealth v. Collins*, 266 Pa.Super. 340, 404 A.2d 1320 (1979). Indeed, to hold otherwise would be equivalent to holding that the Rule 1100 period commences to run on the day that the police get around to arresting the defendant and not, as the rule requires, on the day that the complaint is filed.

VAN der VOORT, Judge, dissenting:

I believe that the record in this case demonstrates that the Commonwealth used reasonable efforts and due diligence to arrest the defendant–appellant. The arrest was accomplished ten (10) days after the complaint was filed. Counsel

for defendant–appellant, at the time he was seeking a continuance, would have every reason to believe that the 180 day period for trial had not yet expired because of the inability of the law enforcement officers to locate the defendant–appellant until December 27, 1974. To hold that defense counsel should have guessed that the Commonwealth could not prove due diligence is simply second–guessing counsel's strategy after the fact. I believe that the ten (10) days after the complaint was filed, during which time the Commonwealth was looking for the defendant–appellant, should be excluded from the calculation of the 180 day period for trial.

At the very least, defense counsel should not be held ineffective because he failed to file a motion to dismiss in preference to his filing a motion for continuance.

For these reasons, I respectfully dissent.