398 A.2d 990

COMMONWEALTH of Pennsylvania

v.

Harold Groff DIMITRIS, Sr., Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 8, 1979.

Decided March 14, 1979.

154

Alan Linder, Wayne G. Hummer, Jr., Lancaster, for appellant.

D. Richard Eckman, Dist. Atty., Edward F. Brown, Jr., Lancaster, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

In 1974, appellant, Harold Groff Dimitris, Sr., entered a guilty plea to charges of sodomy, contributing to the delinquency of a minor and violation of the Liquor Code. He was sentenced to terms to be served concurrently with a separate conviction. Appellant did not take a direct appeal but later filed a PCHA petition in which he raised the issue of ineffectiveness of trial counsel. His petition was denied by the Court of Common Pleas following a hearing and appellant appealed to the Superior Court. The Superior Court

consolidated that appeal with another post-conviction hearing appeal by appellant stemming from a separate conviction.

In both of his appeals before the Superior Court appellant contended that in both of his unrelated convictions, trial counsel was ineffective for not requesting a competency hearing prior to trial. Appellant's claims were based on his attempted suicide while incarcerated awaiting trial. This attempt at suicide, he contended, was known to his counsel. In an opinion dealing with both appeals, the Superior Court granted relief, based on the ineffectiveness claim in one case but denied any relief in the case from which the appeal now before us was taken. In this case the Superior Court concluded that appellant's claim of ineffectiveness of assistance of counsel had been waived by appellant's failure to take a direct appeal. Appellant's petition for allowance of appeal regarding the Superior Court's denial of relief was granted and this appeal followed. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 211.204(a).

Although generally issues that could have been raised on direct appeal but are not so raised are considered waived, the waiver rule does not apply when in a PCHA proceeding, the issue of trial counsel's ineffectiveness is raised.

When an accused does take a direct appeal and fails to raise the ineffectiveness of trial counsel, that issue is not waived if he was represented by the same counsel on appeal. *Commonwealth v. Fox,* 476 Pa. 475, 323 A.2d 199 (1978); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). It is unrealistic to expect trial counsel on direct appeal to challenge his own ineffectiveness. Likewise, the failure to file a direct appeal and raise a claim of trial counsel's ineffectiveness does not constitute a waiver where an appellant would be represented on appeal by his trial attorney. *Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978). The PCHA petition filed in this case by counsel, other than trial counsel, was the first proceeding in which

appellant was represented by counsel other than trial counsel whose ineffectiveness is alleged. Under these circumstances there is no waiver. *Commonwealth v. Fox, supra; Commonwealth v. Glasco, supra.*

Since the Superior Court has not yet had an opportunity to pass upon the issue of whether trial counsel was ineffective for failing to request a competency hearing prior to appellant entering his guilty plea, we are remanding this case to them for that determination.

The order of the Superior Court affirming the dismissal of the PCHA petition is vacated and this case remanded to the Superior Court for a consideration of the merits of appellant's claim that trial counsel was ineffective.

O'BRIEN, J., did not participate in the consideration or decision of this case.