419 A.2d 137

**COMMONWEALTH of Pennsylvania**

v.

**Samuel FOSTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 21, 1980.

---

Lawrence S. Rosenwald, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant takes this appeal from the lower court's denial of appellant's Post–Conviction Hearing Act [1] (PCHA) peti-

1. 19 P.S. § 1180–1 et seq. (Supp.1979).

146

tion.  Appellant argues, *inter alia,* that the colloquy incident to his plea of *nolo contendere*[2] was defective in that the lower court never explained the elements of the charged offenses to appellant prior to the acceptance of the plea. Appellant's argument has merit; therefore, we reverse appellant's conviction and remand for a new trial.

On January 17, 1974, appellant, Samuel Foster, who was represented by counsel from the Defender Association of Philadelphia, entered a plea of *nolo contendere* on charges of carrying a concealed deadly weapon,[3] aggravated robbery,[4] and burglary.[5]  Prior to accepting this plea, the trial court conducted a colloquy[6] on the record during which the court explained to appellant the meaning of a *nolo contendere* plea, appellant's right to a trial by jury and other trial rights, but during which the court made no attempt to explain to appellant the elements of the charges against him.  In fact, from the colloquy alone, one could not determine what offenses appellant was charged with committing. Admittedly, the record does indicate that appellant was arraigned at the bar and pleaded *nolo contendere,* but the arraignment was off the record and there is no indication that the court ascertained whether appellant understood the nature and the elements of the charges against him.

2.  It has been held that a plea of nolo contendere is to be treated the same as a plea of guilty.  See, e.g., *Commonwealth v. Hayes,* 245 Pa.Super. 521, 369 A.2d 750 (1976).

3.  The Act of June 24, 1939, P.L. 872, § 416, The Act of April 4, 1956, P.L. (1955), 1383, § 1, 18 P.S. § 4416 (1945).

4.  The Act of June 24, 1939, P.L. 872, § 705, 18 P.S. § 4705 (1945).

5.  The Act of June 24, 1939, P.L. 872, § 901, 18 P.S. § 4901 (1945).

6.  We note that appellant's plea was entered a week before the Supreme Court handed down its decision of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), in which the Court ruled that a guilty plea colloquy must be conducted on the record.  Nevertheless, subsequently, in *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976), the Court made it clear that *Ingram* made no new law concerning the substance of such a colloquy, since even prior to *Ingram* an accused's understanding of the nature and elements of the charges against him was essential to the validity of a guilty plea.

■ Subsequently, appellant filed the PCHA petition at issue in the instant case, arguing the defectiveness of the plea colloquy and, therefore, the ineffectiveness of trial counsel in failing to raise this issue on appeal.[7] The lower court held a hearing concerning appellant's petition and concluded that appellant's argument was sound. Therefore, initially, the court granted appellant's petition and ordered that appellant's conviction be reversed and a new trial held. However, the court reversed itself when the Commonwealth submitted a petition for reconsideration, because the court found that appellant's petition was not specific enough in setting forth the facts in support of relief, as required by 19 P.S. § 1180–5(a)(4) (Supp.1979).[8] The present appeal is from this last ruling of the lower court. The lower court, as required by Pa.R.App.P. 1925(a), filed an opinion explaining its ruling. Having given its ruling this additional scrutiny and analysis, in its opinion the court concluded that its initial

7. Appellant did not take a direct appeal following the entry of his *nolo contendere* plea. Nevertheless, we do not find that appellant has waived his chance to argue trial counsel's ineffectiveness for failing to see that a proper plea was entered and to advise appellant on this point. As the Supreme Court said in *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990, 991 (1979) (citations omitted),

"Although generally issues that could have been raised on direct appeal but are not so raised are considered waived, the waiver rule does not apply when in a PCHA proceeding, the issue of trial counsel's ineffectiveness is raised . . . [t]he failure to file a direct appeal and raise a claim of trial counsel's ineffectiveness does not constitute a waiver where an appellant would be represented on appeal by his trial attorney."

We conclude that the rule of *Dimitris* applies to the instant case, therefore, we find no waiver in appellant's failure to take a direct appeal because trial counsel was ineffective in not advising appellant of the grounds for appeal. Furthermore, though appellant filed an earlier PCHA petition prior to the one in the instant case, this was an uncounseled petition which was summarily dismissed without a hearing by the lower court. Therefore, according to case law, appellant cannot be said to have waived or finally litigated this issue previously. *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975).

8. In relevant part, this statute provides:
"a) A petition shall be in the following forms:
4) All facts within the personal knowledge of the petitioner must be set forth separately from other allegations of fact."

order was correct, and that the relief sought in the Commonwealth's petition for reconsideration should have been denied.[9]

■ We, too, conclude that the lower court was in error for granting the Commonwealth's petition for reconsideration. Not only is appellant's argument meritorious but, additionally, there is no substantial question about appellant's specificity on the facts. In his PCHA petition, appellant lists as one of the facts in support of his petition, "The court failed to advised [sic] me of all the legal elements of my alleged [sic] crime, nor did the court inform me of the maximum and minimum penalties." This recitation is sufficiently specific under 19 P.S. § 1180–5(a)(4). Accordingly, we hereby reverse the order of he lower court (which granted the Commonwealth's motion), reverse appellant's conviction and remand for a new trial.

Reversed and remanded for a new trial.

9. Obviously, the lower court was powerless to reverse its second ruling because the appeal had already been taken to this court. Pa.R.App.P. 1701(a).