428 A.2d 607

**COMMONWEALTH of Pennsylvania**

v.

**Willie Ray SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed April 10, 1981.

John J. Cerra, Carbondale, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County dismissing appellant's petition under the Post Conviction Hearing Act (P.C.H.A.), Act of January 25, 1966, P.L. 1580 (19 P.S. § 1180–1 et seq.).

On June 1, 1977, appellant entered a plea of guilty to charges of robbery, burglary and assault. A sentence of 10–20 years was imposed. No post-trial motions were filed and no direct appeal was taken.

In June 1979, appellant filed a P.C.H.A. petition alleging that his guilty plea was unlawfully induced and that he was not represented by competent counsel. The P.C.H.A. hearing court denied relief stating that the above asserted issues had been waived. This appeal followed.

Appellant asserts that he has not waived the right to attack the validity of his guilty plea where such is grounded on the ineffectiveness of counsel.

Courts have often held that a knowing and understanding failure to take a direct appeal from the judgment of sentence will result in the waiver of all issues which could have been raised thereon, absent extraordinary circumstances. *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980); *Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979).

Here trial counsel did not take a direct appeal on behalf of appellant. Because no testimony was taken below, we have

no idea whether this failure to appeal resulted from a "knowing and intelligent" waiver.

Clearly, appellant has not waived his right to complain about trial errors precipitated by ineffectiveness of trial counsel. The failure to file a direct appeal and raise a claim of trial counsel's ineffectiveness does not constitute a waiver where appellant would be represented on appeal by his trial attorney. *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990 (1979); *Commonwealth v. Foster*, 276 Pa.Super. 144, 419 A.2d 137 (1980). The P.C.H.A. petition was the first proceeding in which appellant was represented by counsel other than trial counsel whose ineffectiveness is alleged, thus no waiver was effected. *Dimitris*, supra.

Since no hearing was held below on appellant's assertion of error, we are constrained to remand for an evidentiary hearing to determine whether appellant's claim of ineffectiveness of trial counsel has merit.

Order dismissing appellant's P.C.H.A. petition is reversed; case is remanded to the lower court for an evidentiary hearing in accordance with the above opinion.