**DAVIS, Agene S., C. P. T. S. V., a-k-a, Davis, David, Appellant,**

v.

**RENDELL, Edward, District Attorney of the City of Philadelphia; Lyons, Edmund, Superintendent of Philadelphia Prisons; Kelly, Thomas J., Warden of Holmesburg Prison; The Hahnemann Medical College & Hospital of Philadelphia and The City of Philadelphia.**

No. 80–2121.

United States Court of Appeals, Third Circuit.

Argued July 21, 1981.

Decided Sept. 15, 1981.

---

Dist. Atty., Philadelphia, Pa., for appellee, Edward G. Rendell.

Steven M. Levin, Asst. City Sol., City of Philadelphia, Law Department, Philadelphia, Pa., for appellees, Edmund Lyons, Thomas Kelly, and City of Philadelphia.

Before ADAMS, HUNTER and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Plaintiff-appellant filed two actions in the district court while in confinement awaiting trial before a state court. One action sought a writ of habeas corpus on the ground that plaintiff's continued confinement without trial violated his speedy trial right under Pennsylvania and federal law. That action was dismissed by the district court on the ground that plaintiff failed to exhaust his state remedies. The other action, a civil rights action under 42 U.S.C. § 1983, alleged a variety of claims arising out of his confinement for which plaintiff sought damages and injunctive relief. The § 1983 action was dismissed by the district court which concluded that it should abstain because of the pending criminal proceeding.

Both dismissals were appealed to this court. Thereafter plaintiff pleaded *nolo contendere* in the state criminal proceeding. This court then affirmed the dismissal of the habeas corpus action. *Davis v. Kelly*, No. 80–1269, (3d Cir. July 29, 1981). This appeal concerns the dismissal of the § 1983 suit.

### II.

At the time plaintiff originally filed this action in July 1979, he had been confined to Holmesburg Prison in Philadelphia since his arrest in October 1978 on a variety of state criminal offenses, including rape and kidnapping. The amended civil rights complaint, filed in March 1980 after the ap-

Alfred W. Putnam, Jr. (argued), Drinker, Biddle & Reath, Philadelphia, Pa., for appellant.

Jane Cutler Greenspan (argued), Asst. Dist. Atty., Steven H. Goldblatt, Deputy

pointment of counsel,[1] alleged that the continued detention of plaintiff violated his constitutional rights and sought damages and injunctive relief, including release. It appears that the delay in trying plaintiff was caused partly by the involvement of his criminal trial counsel in other court proceedings but primarily by questions as to plaintiff's competency to stand trial. It is undisputed that for at least part of the period of plaintiff's detention he had been declared incompetent to stand trial, and that he periodically refused to participate in psychiatric examinations.

The amended § 1983 complaint alleged that plaintiff had been denied a speedy trial; that further state criminal proceedings would violate his protection against double jeopardy; that delay in trying him because he was allegedly incompetent to stand trial violated his right to equal protection; and that the state's alleged failure to give him the medication necessary to render him competent constituted cruel and unusual punishment. Additionally, plaintiff alleged that the failure to provide medication constituted a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1976). Named as defendants were Edward Rendell, the District Attorney for the City of Philadelphia; Edmund Lyons, the Superintendent of Philadelphia Prisons; Thomas J. Kelly, the Warden at Holmesburg Prison; The Hahnemann Medical College & Hospital of Philadelphia which provides mental health services at Philadelphia prisons; and the City of Philadelphia.

The district court dismissed the action, holding that abstention was required under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), because granting the requested relief would interfere with the ongoing state criminal proceeding. The court received affidavits on plaintiff's claim that the facts fell within the bad faith or harassment exception to *Younger* but found no such bad faith in this case. The Rehabil-

itation Act claim was dismissed on the ground that that Act "simply does not apply to the case at bar."

While the case was on appeal, plaintiff pleaded *nolo contendere* to four counts of the state indictment against him, two counts of corrupting the morals of a minor and two counts of indecent assault. The other counts of the indictment were dismissed and plaintiff was placed on probation for fourteen years. In light of this development the issues raised as to the procedure followed by the district court in ruling on the abstention claim and the correctness of that ruling itself are concededly moot, and a remand would appear to be appropriate.

Defendants, however, argue that since we may affirm the district court's action on any ground which finds support in the record, an affirmance of the dismissal is warranted for two reasons. First they argue that plaintiff's civil rights complaint alleging a violation of speedy trial rights really challenges the fact or duration of his confinement. They claim it is therefore governed by the ruling in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1829, 36 L.Ed.2d 439 (1973), that such challenges go to the core of a habeas corpus action and that the same requirement for exhaustion in habeas actions is applicable. Their second argument, which appears to be an alternate argument applicable only to defendant Rendell, is that the § 1983 suit should be dismissed on the ground that as District Attorney, Rendell enjoys absolute immunity as a matter of law under *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) and its progeny.[2]

### III.

We believe this is not an appropriate case to dispose of the action on grounds not considered by the district court. In the first place, it is not clear what action the defendants believe plaintiff is obliged to

---

1. The court expresses its appreciation to Alfred W. Putnam, Jr., the court-appointed counsel, for his services in connection with this appeal.

2. Counsel for Rendell argued the case for all defendants and did not address the question whether the claims against the other defendants could be dismissed on this basis.

take to satisfy what they view as his exhaustion requirement. If they believe he must have appealed the *nolo contendere* plea, the time for such appeal has probably expired.[3] Furthermore, Pennsylvania law generally does not permit an appeal following a plea of guilty or *nolo contendere*.[4] It is unclear whether plaintiff reserved the right to appeal his speedy trial claim since we were advised he did not expressly reserve that right at the time of the *nolo contendere* plea.

More importantly, in the current fact situation this complaint must be viewed in essence as a suit for damages. Counsel offered at oral argument to delete the requests for injunctive relief which related to plaintiff's incarceration and are now moot. Additionally, since plaintiff's claim for injunctive relief was the subject of his separate habeas action, the § 1983 complaint cannot be viewed as having merely appended the damage claim to what was essentially a request for injunctive relief.

In *Preiser*, the Court distinguished between prisoners' complaints which were essentially habeas actions and those which sought damages. The Court stated:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly ... a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

411 U.S. at 494, 93 S.Ct. at 1838. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court reaffirmed the principle that prisoners seeking damages would be heard in federal court without exhaustion of state remedies. *Id.* at 554, 94 S.Ct. at 2973. The prisoner in that case challenged, *inter alia*, allegedly unconstitutional rules and regulations governing good time. The Court held that the prisoner's request for a restoration of his good time was properly dismissed under *Preiser*, but that it was proper for the court of appeals and the district court on remand to "fashion appropriate remedies [including a declaratory judgment as to the validity of the procedures for revoking good time credits as a predicate to a damages award] for any constitutional violations ascertained, short of ordering the actual restoration of good time already canceled." *Id.* at 555, 94 S.Ct. at 2974.

This court has observed the distinction between suits challenging the conditions of confinement and those challenging the fact or duration thereof. *See, e. g., Jamieson v. Robinson*, 641 F.2d 138, 141 (3d Cir. 1981); *Wright v. Cuyler*, 624 F.2d 455, 457–58 (3d Cir. 1980). Defendants argue that we should follow those courts which have interpreted *Preiser* and *Wolff* to require exhaustion when plaintiff's § 1983 damage action challenges the fact of confinement by attacking the underlying criminal conviction which caused the confinement. For example, the Fifth Circuit has held a prisoner could not seek damages from the prosecutor and police for refusing to divulge exculpatory evidence while his criminal appeal was still pending in the state court. *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *adhered to en banc per curiam*, 550 F.2d 342 (5th Cir. 1977). The court "conclude[d] from the Supreme Court cases that habeas corpus is

---

**3.** The notice of appeal must be filed within thirty days after entry of judgment of sentence. *See* Pa.R.App.P. 903(a); *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 419 A.2d 763, 764 (1980) (per curiam).

**4.** Counsel for the district attorney stated at oral argument that plaintiff's appeal in the criminal action would be limited to grounds relating to the jurisdiction of the court, the legality of the sentence, and the voluntariness of the plea.

*See Commonwealth v. Montgomery*, 485 Pa. 110, 114, 401 A.2d 318, 319 (1979) (plea of guilty constitutes waiver of all non-jurisdictional defects and limits appeals to challenges to legality of sentence and validity of plea); *Commonwealth v. Foster*, 276 Pa.Super. 144, 419 A.2d 137, 137 n.2 (1980) (plea of *nolo contendere* treated same as guilty plea for procedural purposes).

the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction." *Id.* at 381. Similarly, in *Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974), the court considered a complaint seeking equitable relief and damages as a result of defendants' actions in allegedly introducing illegally obtained evidence or perjured testimony at plaintiff's criminal trials. The court held that those counts which would require ruling upon the validity of a state criminal conviction could not be maintained during the pendency of the direct appeal in the criminal suit.

We need not here decide whether exhaustion should be required in a damage action where the basis of the claim will in some manner suggest the invalidity of the plaintiff's criminal conviction.[5] The possibility that plaintiff has anything left to exhaust or that he retains any speedy trial claim which would affect his conviction is remote in view of the *nolo contendere* plea. If defendants persist in their contention that exhaustion is required in this case, it can be pursued in the district court which is in the position to make the relevant factual findings.

Another reason counselling remand is that plaintiff's complaint was not limited to the speedy trial claim. Some of the other issues would not reflect upon the validity of the confinement, and would therefore require remand in any event.

Similarly, defendants' argument that under the ruling in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the district attorney is protected by absolute immunity for the acts alleged here should be addressed to the district court in the first instance. Plaintiff appears to have sued the district attorney for his failure to bring the case to trial within a reasonable time. Courts have held that prose-cutors act in their judicial capacities, and are therefore absolutely immune, when they decide whether or not to press charges. *See, e. g., Norton v. Liddel*, 620 F.2d 1375 (10th Cir. 1980); *Grow v. Fisher*, 523 F.2d 875 (7th Cir. 1975). The focus of plaintiff's claim diverges somewhat from those cases since the complaint may be read to allege merely that the prosecutor's office failed to process plaintiff's case in an expeditious manner. If it could be shown that this resulted from a decision by the prosecutor based on "administrative" rather than "judicial" considerations, the doctrine of absolute immunity might not apply. *See Imbler v. Pachtman*, 424 U.S. at 430–31 & n.33, 96 S.Ct. at 994–995 & n.33; *Briggs v. Goodwin*, 569 F.2d 10 (D.C.Cir.1977), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *Jennings v. Shuman*, 567 F.2d 1213 (3d Cir. 1977); *Safeguard Mutual Insurance Co. v. Miller*, 456 F.Supp. 682 (E.D.Pa.1978); *J. D. Pflaumer, Inc. v. Department of Justice*, 450 F.Supp. 1125 (E.D.Pa.1978).

We hold only that on the scant record before us, and in the absence of a district court ruling on the issue, we will not foreclose plaintiff from showing that the allegedly improper action of the district attorney falls outside the scope of his absolute immunity. After amplification of plaintiff's claim and discovery, if necessary, the district court will be in a better position to rule on the immunity defense.

For the foregoing reasons, this case will be remanded to the district court for further proceedings in accordance with this opinion.

---

**5.** In *Ross v. Meagan*, 638 F.2d 646 (3d Cir. 1981) (per curiam), we held that a damage claim based on defendants' alleged failure to accord to plaintiffs probable cause hearings and due process in connection with extradition proceedings was not governed by the exhaustion rule of *Preiser*. Those alleged violations would be unlikely to affect the validity of a conviction, *see Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), and hence could not have affected the defendants' incarceration.