**David DAVIS**

v.

**La Rochelle HENDERSON, et al.**

**Civ. A. No. 81–4007.**

United States District Court,
E. D. Pennsylvania.

Jan. 4, 1982.

David Davis, pro se.

## MEMORANDUM

GILES, District Judge.

The magistrate has recommended dismissing this pro se civil-rights complaint as frivolous and malicious. I concur, and add the following.[1]

Plaintiff [2] is awaiting trial in state court

---

**1.** Rather than objecting to the magistrate's recommendation, plaintiff has noticed an appeal. Because the recommendation alone is not appealable, the appeal does not affect the district court's jurisdiction, and can be ignored. *See United States v. Leppo*, 634 F.2d 101, 104–05 (3d Cir. 1980); *Commercial Union Ins. Co. v. Pittsburgh Corning Co.*, Civ.Action No. 81–2129, slip op. at 20, n.18 (E.D.Pa. Dec. 4, 1981).

*See generally* 9 *Moore's Federal Practice* ¶ 203.-11, at 3–51 to –52 (1980).

**2.** In this action, plaintiff styles himself "Lieuybogheii Awkakewakeyes." In prior actions in this court, as well as the state criminal case, plaintiff has used the name "Davis." *See, e.g., Davis v. Rendell*, 659 F.2d 374 (3d Cir. 1981). For continuity's sake, the latter name will be used here.

on the charge of attempted rape.[3] In connection with that prosecution, plaintiff brings this civil-rights action against his landlord, the victim of the alleged rape attempt, an assistant district attorney, District Attorney Rendell, Police Commissioner Solomon, Mayor Green, and Governor Thornburgh.

The factual allegations set forth two grievances. First, plaintiff alleges that he was framed; thus, the entire state prosecution is allegedly defective. Second, he complains about the delay between arrest and trial. These grievances present legal difficulties requiring dismissal.

▮ Insofar as the plaintiff is seeking release from jail, he is filing a habeas corpus petition which must be denied for failure to exhaust state remedies. Insofar as he merely seeks damages, he is asking a federal court to decide the same issues presented in his state criminal case. This would interfere with state criminal proceedings in a manner proscribed by the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See, e.g., Samuels v. Mackell*, 401 U.S. 66, 72–73, 91 S.Ct. 764, 767–68, 27 L.Ed.2d 688 (1971) (federal court cannot issue declaratory judgment concerning state criminal prosecution, because to do so would leave state court with nothing to decide).

▮ Furthermore, the complaint makes out no cause of action under the civil-rights laws. Neither the rape victim nor the landlord act under color of state law. The victim is entitled to absolute immunity for any testimony she may give as a witness. *See, e.g., Nash v. Reedel*, 86 F.R.D. 12, 13 (E.D.Pa.1979) (dismissing complaint against rape victim on ground of absolute witness immunity). Also, as the magistrate points out, every other defendant is endowed with some form of official absolute immunity. Furthermore, there is no factual allegation which could show culpability on the part of the official actors, or any conspiracy between officials and private citizens. The only non-conclusory allegations concerning

conspiracy are that the rape victim conspired with her ten-year old daughter. (Indeed, instead of conspiring with the official actors, the victim is accused of "criminally interfering with the duties of the Philadelphia Police-Department [sic]." Complaint at 3.)

None of these legal difficulties is solved by the six-page complaint, which consists largely of a confused conglomeration of legal words and phrases. Commissioner Solomon, for instance, "is sued for accessory before, during and after the acts; and, accessory before, during and after the facts, and criminal conspiracy. He is sued in his official capacity individually as Commissioner." Complaint at 3. This results in an embroidery of legalisms which often is incomprehensible or meaningless and, in any event, insufficient to remedy the lack of specificity in the pleadings.

▮ The complaint also contains considerable evidence of malice toward the victim of the alleged rape. For instance:

She is sued for … criminal solicitation and criminally soliciting for the purpose of prostitution—(under-cover)—criminal luring and criminal lusting after plaintiff; criminally parading her "wares" in a careless, uncaring and negligent manner in public—unbecoming a woman; … perjury, fraud, harassment and (female) oppression.

Complaint at 3 ([sic]). Other examples can be found in the magistrate's report and elsewhere in the complaint. Under 28 U.S.C. § 1915(d), the court may dismiss an in forma pauperis case "if satisfied that the action is frivolous or malicious." I am satisfied that the maliciousness of this complaint constitutes an independent basis for dismissal.

▮ In connection with this aspect of the complaint, it is important for the plaintiff to note that 42 U.S.C. § 1988 is a two-way street. Plaintiff knows that he might be entitled to attorney fees if he were to prevail in civil-rights litigation. *See* Complaint at 6, ¶ (n). The statute, however, allows a

---

**3.** The trial currently is scheduled for January 7, 1982.

fee award to a "prevailing party." 42 U.S.C. § 1988. In appropriate circumstances, fees can be awarded against the plaintiff and in favor of the defendant. For instance, in *Nash v. Reedel*, 86 F.R.D. 16 (E.D.Pa.1980), Judge Luongo awarded three-hundred dollars in attorney fees in favor of a rape-victim defendant, and against the prisoner-plaintiff whose prison salary was $1.02 per day.

■ Finally, I note that the petition for leave to proceed in forma pauperis is deficient. It contains no information about plaintiff's salary, savings, or property. *See, e.g.,* Fed.R.App.Pro. Form 4; Federal Judicial Center, *Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts* 93–94 (1980). Despite the fact that the plaintiff styles himself an affiant, the petition is neither notarized nor made under penalty or perjury. *See* 28 U.S.C. § 1746. Thus, it is not an affidavit within the meaning of 28 U.S.C. § 1915(a). The petition therefore will be denied.[4]

---

**4.** Treating the petition and the notice of appeal as a motion to proceed on appeal in forma pauperis, that motion likewise must be denied. *See* Fed.R.App.Pro. 24(a); *id.* Form 4. The denial is of course without prejudice to renewal by a motion accompanied by a proper, sworn form.