J. S12034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRELL JAMESON, | : | |
| | : | |
| Appellant | : | No. 2026 EDA 2014 |

Appeal from the PCRA Order June 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0004504-2009

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 05, 2015**

Appellant, Tyrell Jameson, appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. He contends trial counsel was ineffective by not filing a post-sentence motion challenging the discretionary aspects of his sentence. We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion. *See* PCRA Ct. Op., 11/17/14, at 1-3. Appellant timely appealed and the court did not order a Pa.R.A.P. 1925(b) statement. On appeal, Appellant argues the PCRA court erred by not ordering an evidentiary

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

hearing to address his claim that trial counsel was ineffective by not pursuing post-sentence relief. Appellant reasons his sentence was excessive. We hold Appellant is due no relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008).

> When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted).

When a defendant enters a guilty plea, he waives his "right to challenge on appeal all non-jurisdictional defects except the legality of [his] sentence and the validity of [his] plea." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). However, "where a plea agreement is an **open one** as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the

court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved." ***Commonwealth v. Coles***, 530 A.2d 453, 457 (Pa. Super. 1987); ***accord Commonwealth v. Dalberto***, 648 A.2d 16, 21 (Pa. Super. 1994) ("We believe that justice requires that we treat this case as an 'open' plea and permit an appeal to the discretionary aspects of sentencing.").

> [T]he central focus of substantive appellate review with respect to a sentence outside of the guidelines is whether the sentence is "unreasonable":
>
> **(c) Determination on appeal.—**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> \* \* \*
>
> (3) **the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.**
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c)(emphasis supplied).

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> **(d) Review of record.—**In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Thus, under the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is "unreasonable." 42 Pa.C.S. § 9781(c).

\*     \*     \*

That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.

*Commonwealth v. Walls*, 926 A.2d 957, 963-64 (Pa. 2007). "Where the sentencing judge had the benefit of the information in the pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Fullin*, 892 A.2d 843, 849-50 (Pa. Super. 2006) (citation omitted).

After careful consideration of the parties' arguments, the record, and the decision by the Honorable Sandy L.V. Byrd, we affirm on the basis of the PCRA court's decision. *See* PCRA Ct. Op. at 9-13 (discussing sentencing factors and presentence investigation report justified imposition of sentence, and noting Appellant failed to establish counsel disregarded request to file post-sentence motion or direct appeal); *see also Walls*, 926 A.2d at 963-64; *Fullin*, 892 A.2d at 849-50. Because the underlying issue lacks arguable merit, Appellant cannot establish trial counsel was ineffective for not filing a post-sentence motion challenging the reasonableness of his sentence, and thus we affirm the order below. *See Perry*, 959 A.2d at 936.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0004504-2009

                :

v.     **FILED**     :     SUPERIOR COURT

                :

TYRELL JAMESON     NOV 17 2014     :     2026 EDA 2014

Criminal Appeals Unit
First Judicial District of PA

### OPINION

Byrd, J.                                        November 17, 2014

On April 18, 2011, petitioner Tyrell Jameson entered a non-negotiated guilty plea to aggravated assault and carrying a firearm without a license in violation of Section 6106 of the Uniform Firearms Act. He was sentenced to an aggregate imprisonment term of seven and one-half (7 ½) to fifteen (15) years, followed by five (5) years probation on July 11, 2011. Jameson did not appeal the judgment of sentence.

On April 12, 2012, Jameson filed a pro se petition under the Post Conviction Relief Act (PCRA). Jameson obtained appointed counsel and an amended PCRA petition was filed on October 11, 2013. The Commonwealth filed its motion to dismiss on February 12, 2004. After reviewing the pleadings and determining that the petition was meritless, this court issued a notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907 on May 30, 2014. On July 10, 2014, the petition was formally dismissed. Jameson filed a notice of appeal on July 16, 2014.



CP-51-CR-0004504-2009 Comm. v. Jameson, Tyrell
Opinion

7223404121

## STATEMENT OF FACTS

Jameson pled guilty to the above-mentioned charges based on the following facts. *See* N.T. 04/18/11, pp. 27-31. On March 14, 2009, the complainant, William Smalls, went to a Chinese store near the 4900 block of North 18th Street in the Logan section of Philadelphia. While Mr. Smalls was inside the store, he was confronted by Jameson's brothers, Eric, also nicknamed "E-Rock," and Marquis. This verbal confrontation turned into a physical fight between Mr. Smalls and Jameson's brothers. During the fight, Eric yelled for Jameson, who was also known as "Tah-Tah." When Jameson came out to the street, he asked Mr. Smalls "Who's messing with my brother?" and pulled out a handgun from his rear waistband.

Jameson then pointed the handgun at Mr. Smalls's face, from a distance of four (4) to five (5) feet, and pulled the trigger. A bullet grazed Mr. Smalls's cheek. Mr. Smalls stepped backwards after being shot, but Jameson proceeded to pull the trigger at least three other times. Mr. Smalls was shot in the forearm, in the upper right chest area, and in the left groin area. He fled down the street, but ultimately collapsed on the steps of a neighbor's house on the 4900 block of North 18th Street. When the neighbor came outside, Mr. Smalls stated that "Tah-Tah" shot him. Police officers responded to the scene and transported Mr. Smalls to Albert Einstein Medical Center.

En route to the hospital, police officers asked Mr. Smalls if he could identify his shooter, and the victim again identified defendant, "Tah-Tah." At about 8:50 p.m., Mr. Smalls was admitted to the hospital, where he was intubated and underwent surgery to his kidney, liver, and groin. He also underwent an exploratory laparotomy to search for bullets. No bullets were recovered. Mr. Smalls was released from the hospital on March 24, 2009.

While hospitalized, Mr. Smalls provided a statement to detectives, on March 21, 2009, in which he identified Jameson as the shooter. Mr. Smalls further informed police that he had known Jameson from the neighborhood for several years. During this interview, Mr. Smalls was shown a photographic array. After being shown this photographic array, Mr. Smalls circled a photograph depicting Jameson and identified him as the shooter. Jameson was arrested on the following day. On March 30, 2009, Mr. Smalls testified at Jameson's preliminary hearing. Mr. Smalls was later threatened by Eric, who stated that he would "remember this" and that he would "fucking kill him."

## DISCUSSION

The Post Conviction Relief Act ("PCRA") affords collateral relief to those individuals convicted of crimes they did not commit and to those individuals serving illegal sentences. *See* 42 Pa. C.S. §9542. Claims pursuant to the PCRA are extraordinary assertions that the judicial system failed; they are not merely direct appeal claims that are made at a later stage of the judicial proceedings. *See Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923 (2001). A petitioner is entitled to file all PCRA petitions, including second and subsequent petitions within one (1) year from the date his judgment of sentence becomes final. *See* 42 Pa. C.S. §9545(b)(1); 42 Pa. C.S. §9545(b)(3). A petitioner is eligible for relief under the PCRA if he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa. C.S. §9543(a)(2). *See Commonwealth v. Ligons*, 601 Pa. 103, 971 A.2d 1125 (2009).

A petitioner may be entitled to relief under the PCRA if he is able to plead and prove that a conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

adjudication of guilt or innocence could have taken place. *See* 42 Pa. C.S. §9543(a)(2)(ii). It is the ineffectiveness claim, not the underlying error at trial, which is reviewed. *See Commonwealth v. Clayton*, 572 Pa. 395, 816 A.2d 217 (2002). Under the PCRA, an allegation of ineffective assistance of counsel amounts to constitutional malpractice where counsel's incompetence deprived a defendant of his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Williams*, 566 Pa. 553, 782 A.2d 517 (2001).

The law requires the presumption that counsel was effective, unless the petitioner can fulfill his burden and prove otherwise. *See Commonwealth v. Payne*, 794 A.2d 902 (Pa. Super. 2002). To prevail on an ineffective assistance of counsel claim, petitioner bears the burden of demonstrating: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005) (quoting *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005)). Furthermore, counsel's choices cannot be evaluated in hindsight, but rather should be examined in light of the circumstances at that time. *See Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997). Even if there was no reasonable basis for counsel's course of conduct, a petitioner is not entitled to relief if he fails to demonstrate prejudice. *See Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226 (1994).

Moreover, if the petitioner "has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met."

*Commonwealth v. Albrecht*, 554 Pa. 31, 46, 720 A.2d 693, 701 (1998). To escape dismissal on this basis, " 'the defendant must show that the deficient performance prejudiced the defense [by showing] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' " *Commonwealth v. Chazin*, 873 A.2d 732, 736 (Pa. Super. 2005) (quoting *Commonwealth v. Pierce*, 515 Pa. 153, 158, 527 A.2d 973, 975 (1987)).

Jameson claims that counsel was ineffective for failing to file a post-sentence motion and a direct appeal to challenge the judgment of sentence that was imposed after he entered his non-negotiated guilty plea. In *Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999), the court held that "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." When examining whether a guilty plea has been entered voluntarily, knowingly, and intelligently, this court may consider the totality of the circumstances surrounding the plea. *See id.* In determining the validity of a guilty plea, this court must inquire into six different areas: (1) whether the defendant understands the nature of the charges filed against him; (2) whether there is a factual basis for the defendant's guilty plea; (3) whether the defendant understands his right to a jury trial; (4) whether the defendant understands that he is presumed to be innocent until proven guilty; (5) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses he has been charged; and (6) whether the defendant is aware that the judge is not bound by the terms of any plea agreement unless the judge accepts such agreement. *See Commonwealth v. Chumley*, 482 Pa. 626, 634, 394 A.2d 497, 501 n.2 (1978); Pa. R. Crim. P. 590.

In this case, Jameson's guilty plea was entered voluntarily, knowingly, and intelligently. Before accepting Jameson's guilty plea, this court conducted an extensive oral colloquy to ensure

that Jameson had "actual knowledge of the implications and rights associated with a guilty plea." *Allen*, 557 Pa. at 146, 732 A.2d at 588. The record clearly demonstrates that Jameson entered a valid guilty plea.[1] Jameson confirmed that he understood the nature of the charges filed against him after this court carefully explained the elements of aggravated assault and carrying a firearm without a license in violation of Section 6106 of the Uniform Firearms Act. *See* N.T. 04/18/11, pp. 25-27. The record also shows that there was a factual basis for his guilty plea. After this court informed Jameson of the elements of the aforementioned crimes, the assistant district attorney provided a summary of the facts that were the basis for his guilty plea. Jameson agreed that he was pleading guilty to those facts because he was, in fact, guilty. *See* N.T. 04/18/11, pp. 27-31.

During this colloquy, Jameson was informed of his rights and the consequences of entering a guilty plea to the charges against him. In response to a series of inquiries, Jameson responded that he understood those rights and the consequences of giving them up by pleading guilty. *See* N.T. 04/18/11, pp. 4-33. Specifically, Jameson confirmed that he understood he had a right to a jury trial and that there are consequences of electing to plead guilty. *See* N.T. 04/18/11, pp. 4-17. He also understood that he would be presumed innocent until proven guilty beyond a reasonable doubt. *See* N.T. 04/18/11, pp. 7, 11-12. Jameson further indicated his awareness of the permissible range of sentences and fines for the charges filed against him. *See* N.T. 04/18/11, pp. 19-22. Before Jameson entered his guilty plea, this court informed him that a mandatory minimum sentence applied to his case and that his sentence could end up being the statutory maximum term of thirteen and one-half (13 ½) to twenty–seven (27) years in prison. *See* N.T. 04/18/11, pp. 19-22. He was also informed that the entry of an open plea subjected him

---

[1] A copy of this court's April 18, 2011 colloquy of petitioner is attached.

*Commw. v. Tyrell Jameson*          Page 6 of 13

to a sentence that would be fashioned by this court instead of a sentence resulting from negotiations with the Commonwealth. *See* N.T. 04/18/11, pp. 20, 34.

Jameson completed and signed a Written Guilty Plea Colloquy form and indicated that he understood each page of the form. *See* N.T. 04/18/11, pp. 32-33. He also stated that he had consulted with defense counsel before entering his guilty plea, that he was satisfied with his attorney's services, and that no threats or promises had been made to him. *See* N.T. 04/18/11, pp. 22-23. There was no point during the colloquy where Jameson informed this court that his guilty plea was unlawfully induced by counsel. *See* N.T. 04/18/11, pp. 4-33.

Furthermore, Jameson cannot overcome the presumption that trial counsel's representation was effective and within the range of competence of defense attorneys. *See Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)), which noted that "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases' "). Before this court accepted Jameson's guilty plea, Jameson told the court that he was satisfied with his attorney's services.[2] *See* N.T. 04/18/11, pp. 22-23. Jameson has not presented any evidence of counsel's unreasonableness or of counsel's advice being outside the range of competence in criminal law. *See Commonwealth v. Lee*, 585 A.2d 1084, 1089 (Pa. Super. 1991) (repeating principle from *Strickland*, 466 U.S. at 690-691, that "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable

---

[2] Petitioner also indicated on page 3 of his Written Guilty Plea Colloquy Form that he was satisfied with counsel, indicating the following:

**SATISFIED WITH MY LAWYER**

I am satisfied with the advice and service I received from my lawyer. My lawyer spent enough time on my case and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me and I decided myself to plead guilty.

*Commw. v. Tyrell Jameson*          Page 7 of 13

precisely to the extent that reasonable professional judgments support the limitations on investigation"). Based on the totality of the circumstances, this court accepted Jameson's guilty plea after being satisfied that it was entered voluntarily, knowingly, and intelligently.

Jameson now asserts that counsel was ineffective for failing to file a post-sentence motion and a direct appeal to challenge his judgment of sentence. In *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa. Super. 1995), the court held that "the allowance of an appeal nunc pro tunc will be permitted only in extraordinary circumstances, namely fraud or some breakdown in the processes of the court." *Id.* at 136 (quoting *Moring v. Dunne*, 493 A.2d 89, 91 (Pa. Super. 1985)) (emphasis omitted). Certainly, "an unjustified failure of counsel to perfect an appeal guaranteed as of right constitutes prejudice per se." *Commonwealth v. Jordan*, 772 A.2d 1011, 1016 (Pa. Super. 2001) (emphasis omitted). In *Commonwealth v. Mosteller*, 633 A.2d 615 (Pa. Super. 1993), the court reiterated that " '[w]hen a defendant establishes that counsel's ineffective assistance denied him entirely his right to a direct appeal, he is entitled to a direct appeal nunc pro tunc without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal.' " *Id.* at 618 (quoting *Commonwealth v. Ciotto*, 555 A.2d 930, 931 (Pa. Super. 1989)) (emphasis omitted). However, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. 1999). Furthermore, "a knowing and understanding failure to take a direct appeal from the judgment of sentence will result in the waiver of all issues which could have been raised thereon, absent extraordinary circumstances." *Commonwealth v. Smith*, 428 A.2d 607, 607 (Pa. Super. 1981).

Here, Jameson failed to establish that he requested the filing of post-sentence motions and a direct appeal, and that counsel disregarded his alleged requests. As the court held in *Commonwealth v. Velasquez*, 563 A.2d 1273 (Pa. Super. 1989), "[c]laims of ineffectiveness are not sufficient when presented in a vacuum …; nor can counsel be deemed ineffective for failing to do what he was not requested to do." *Id.* at 1275 (citation omitted). Consequently, trial counsel cannot be deemed ineffective because Jameson has not brought forth any evidence proving that he requested the filing of a post-sentence motion and a direct appeal.

Finally, Jameson is not entitled to post-conviction relief because he was not prejudiced by trial counsel's failure to file a post-sentence motion and a direct appeal that challenged the alleged disparity of his sentence. Jameson cannot succeed on this claim because trial counsel cannot be deemed ineffective for failing to raise a meritless issue. *See Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980) (ruling that counsel will be considered ineffective for failing to raise an issue in a post-verdict motion or on appeal "only if the issue is of arguable merit"); *Commonwealth v. Walley*, 396 A.2d 1280, 1283 n.6 (holding that "[c]ounsel's stewardship cannot be deemed ineffective for failure to file futile motions") Jameson is not entitled to a different sentence than the one imposed because it was not illegal or unreasonable.

Sentencing is a matter vested within the sound discretion of the sentencing judge. *See Commonwealth v. McNabb*, 819 A.2d 54 (Pa. Super. 2003). An abuse of discretion is " 'synonymous with a failure to exercise a sound, reasonable, and legal discretion.' " *Commonwealth v. Myers*, 554 Pa. 569, 574, 722 A.2d 649, 651 (1998) (quoting *Commonwealth v. Powell*, 527 Pa. 288, 297, 590 A.2d 1240, 1244 n.8 (1991)). In *Commonwealth v. Miller*, 835 A.2d 377, 380 (Pa. Super. 2003), the court explained that a Jameson has established a substantial

question upon showing "that the sentencing court's actions either were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process." As the court stated in *Commonwealth v. Martin*, 611 A.2d 731, 737 (Pa. Super. 1992), "a claim of excessiveness ... does not constitute a substantial question when the sentence in question is within the statutory limits."

Here, Jameson cannot establish that this court violated the Sentencing Code or the fundamental principles that govern sentencing because the sentence for each conviction is within statutory limits. Jameson pled guilty to aggravated assault and carrying a firearm without a license in violation of Section 6106 of the Uniform Firearms Act. Jameson's aggravated assault conviction was a first-degree felony, which carries a maximum confinement term of twenty (20) years. *See* 18 Pa. C.S. §2702(a)(1), (b); 18 Pa. C.S. §1103(1). This court could not have sentenced Jameson to less than the mandatory minimum of five (5) years because he used a gun while committing aggravated assault, thereby causing serious bodily injury. *See* 42 Pa. C.S. §9712(a); *Commonwealth v. Bess*, 789 A.2d 757, 761 (Pa. Super. 2002) (holding that "[w]here a minimum sentence is statutorily mandated, a sentencing court lacks the authority to impose a sentence less severe than dictated by the legislature"). *See also Commonwealth v. Catanch*, 581 A.2d 226, 229 (Pa. Super. 1990) (holding that a trial court was "free to impose a more lengthy term of imprisonment [than the mandatory minimum sentence] upon consideration of the individual circumstances of the case before it").

An individual convicted of carrying a firearm without a license, in violation of Section 6106(a) of the Uniform Firearms Act, is guilty of committing a third-degree felony, and could be sentenced to a maximum imprisonment term of seven (7) years. *See* 18 Pa. C.S. §6106(a); 18 Pa. C.S. §1103(3). Thus, it would have been within this court's statutory authority to sentence

Jameson to a maximum period of confinement of twenty-seven (27) years. *See Commonwealth v. Booze*, 953 A.2d 1263 (Pa. Super. 2008) (noting that 42 Pa. C.S. §9721 gives sentencing court discretion to impose consecutive or concurrent sentences). Instead, Jameson was sentenced to an aggregate imprisonment term of seven and one-half (7 ½) to fifteen (15) years followed by five (5) years probation.[3]

Although this sentence was outside recommended sentencing guidelines, it was not an unreasonable sentence. In *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008), the court noted that "[w]hen reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable." In determining the reasonableness of a sentence, the court analyzes: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the sentencing court's opportunity to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *Id.* (citing 42 Pa. C.S. §9781(d)).

Here, this court imposed a reasonable and legally permissible sentence. Before fashioning Jameson's sentence, this court considered the sentencing guidelines for each conviction and determined that they were inappropriate for this particular case. *See Commonwealth v. Yuhasz*, 592 Pa. 120, 132, 923 A.2d 1111, 1118 (2007) (describing the sentencing guidelines as "purely advisory in nature"); *Commonwealth v. Begley*, 566 Pa. 239, 302, 780 A.2d 605, 643 (2001) (holding that "[a]lthough the trial court must consider the Sentencing Guidelines, the court is not obligated to impose a sentence deemed appropriate under the Sentencing Guidelines"). In *Yuhasz*, the court held that "despite the recommendations of the

---

[3] It should also be noted that petitioner could have been convicted of attempted murder had he not entered his guilty plea. An individual convicted of attempted murder, where there is serious bodily injury, may be sentenced to a maximum sentence of forty (40) years. *See* 18 Pa. C.S. §1102(c). Thus, petitioner essentially benefited from the entry of his guilty plea and the sentence imposed because he could have been subjected to a more substantial sentence if the Commonwealth did not agree to nolle prossed his attempted murder charge.

Sentencing Guidelines, 'the trial courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the Guidelines.' The only line that a sentence may not cross is the statutory maximum sentence." *Id.*, 592 Pa. at 132-133, 923 A.2d at 1118-1119 (quoting *Commonwealth v. Mouzon*, 571 Pa. 419, 425, 812 A.2d 617, 621 (2002)). Here, this court conducted a meaningful review of the sentencing guidelines, the statutory maximum sentence for each conviction, the facts of this case, and Jameson's individual circumstances. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 515, 522 A.2d 17, 20 (1987) (commenting how "[i]t is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it").

Before the sentencing hearing, this court reviewed both the pre-sentence investigation report and the mental health evaluation of Jameson. *See* N.T. 07/11/11, p. 17. At the sentencing hearing, this court heard from both sides before imposing sentence. *See* N.T. 07/11/11, pp. 3-17. In determining Jameson's sentence, this court considered all relevant factors, including the manner in which Jameson committed these crimes, the impact that Jameson's crimes had upon the victim, the protection of society, the sentencing guidelines, as well as his age, mental aptitude, educational attainment, parental status, employment history, lack of a prior criminal record, and rehabilitative needs. In *Commonwealth v. Eicher*, 605 A.2d 337, 354 (Pa. Super. 1992), the court pointed out that the appellate court "must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Id.* at 354 (quoting *Commonwealth v. Clever*, 576 A.2d 1108, 1110 (Pa. Super. 1990)). Undeniably, this court assessed Jameson's individual situation and all of the circumstances surrounding the crimes he committed before imposing sentence. Furthermore, there were no impermissible factors

entertained by this court. Therefore, Jameson's underlying claim regarding the legality and reasonableness of his sentence has no merit.

Accordingly, for the foregoing reasons, the dismissal of Jameson's PCRA petition should be AFFIRMED.

BY THE COURT,

Sandy L.V. Byrd,    J.